**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Demaree, | No. CV-17-00207-TUC-EJM |
| Petitioner, | **ORDER** |
| v. | |
| David Sanders, et al., | |
| Respondents. | |

Petitioner Brian Demaree filed an amended Petition for a Writ of Habeas Corpus ("PWHC") pursuant to 28 U.S.C. § 2254 on May 5, 2017.[1] (Doc. 4). Petitioner raises one grounds for relief alleging that his Fifth Amendment Due Process rights were violated by the state courts because the trial court lacked subject matter jurisdiction under the federal preemption doctrine and the supremacy clause. (Doc. 4 at 6).

Respondents filed an Answer contending that the PWHC is untimely and further that Petitioner's claim is expressly procedurally defaulted and without merit. (Doc. 15). Respondents also assert that neither statutory nor equitable tolling apply to excuse the untimely petition.

Petitioner filed a Reply arguing that his petition is timely and that it does not matter

---

[1] Petitioner's original PWHC was filed on May 4, 2017 and also listed his sister and co-defendant, Dianna Demaree, as a petitioner. (Doc. 1). The PWHC was refiled as an amended petition on May 5, 2017 to include the civil cover sheet. (Doc. 4). On June 26, 2017, the Court ordered this action severed to avoid logistical problems because Dianna Demaree and Brian Demaree had not followed the same course of action with regard to post-conviction proceedings. (Doc. 5). The Clerk of Court opened a new action for Dianna Demaree, CV-17-00294-TUC-EJM. The Court shall issue a separate order addressing Dianna Demaree's petition.

whether direct review by the state courts was timely or not because it did occur. (Doc. 16). Petitioner further alleges that no tolling is necessary because his petition is timely, and that there is no need to address procedural default because his claim was not defaulted and was considered on the merits by the state courts. Petitioner requests that the Court grant him relief on the merits of his claim, vacate his conviction, and order Respondents to release him from confinement or supervision.

The Court concludes that Petitioner's PWHC is untimely and that Petitioner has not shown that he is entitled to statutory or equitable tolling. Accordingly, the petition will be denied and dismissed with prejudice.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A. Plea and Sentencing

On February 6, 2014, Petitioner pled guilty to one count of criminal impersonation in Pima County Superior Court. (Doc. 15 Ex. B). On March 24, 2014 the court sentenced Petitioner to 3 years probation, and as a condition of probation, ordered that Petitioner spend 30 days in jail. (Doc. 15 Exs. E & V).

The presentence report summarized the facts of the case (Doc. 15 Ex. D) as noted in Respondent's Answer (Doc. 15 at 3). All parties are familiar with the facts and for brevity's sake the Court will not repeat them here.

### B. Petition for Post-Conviction Relief[2, 3]

---

[2] Because Petitioner pled guilty to his charge, he could not file a direct appeal and could only challenge his conviction and sentence through a Rule 32 petition. *See* A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."); Ariz. R. Crim. P. 32.1 ("Any person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding."); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (holding that an "'of right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. 2244(d)(1)(A).").

[3] The Arizona Rules of Criminal Procedure were amended effective January 20, 2020. New Rule 32 applies to defendants convicted after a trial, and new Rule 33 applies to pleading defendants. Because Petitioner's state court actions were filed prior to January 20, 2020 and he had no state court action pending at the time the new rules went into effect, former Rule 32 applies to Petitioner's case. *See* Arizona Supreme Court Order R-19-0012, available at https://www.azcourts.gov/rules/Recent-Amendments/Rules-of-Criminal-Procedure

On March 4, 2015, Petitioner initiated proceedings in Pima County Superior Court for Rule 32 post-conviction relief ("PCR"). (Doc. 15 Ex. F). On June 11, 2015, Petitioner filed his of-right PCR petition arguing that the court should vacate his conviction and sentence because it had no subject matter jurisdiction over his indictment. (Doc. 15 Ex. H).

The trial court denied PCR on July 30, 2015 and found that jurisdiction was appropriate. (Doc. 15 Ex. K). The court adopted its ruling denying the Rule 32 petition of Dianna Demaree, Petitioner's sister and co-defendant, because the Rule 32 petitions raised the same issue regarding subject matter jurisdiction. The court further noted that the Arizona Court of Appeals had affirmed the trial court's ruling denying Dianna Demaree's Rule 32 petition, and that the trial court was obligated to follow the decision of the COA and apply it to Petitioner's Rule 32 petition.

Petitioner filed a petition for review with the Arizona COA on August 27, 2015 realleging the same argument regarding subject matter jurisdiction. (Doc. 15 Ex. L). On December 1, 2015 the COA issued its decision granting review but denying relief. (Doc. 15 Ex. N). The COA first explained that Petitioner's PCR notice was untimely under Ariz. R. Crim. P. 32.4(a) because it was filed almost one year after his sentencing and because Petitioner's jurisdictional claim was not expressly exempted from the timeliness requirement. The COA further stated that even assuming Petitioner could present his claim in an untimely proceeding, Petitioner was not entitled to relief because the COA rejected the same jurisdictional argument raised by Dianna Demaree in her petition for review, and Petitioner had offered no basis to conclude that the same reasoning did not apply with equal force to his case.

The Arizona Supreme Court denied review on May 4, 2016. (Doc. 15 Ex. O). Petitioner did not file a petition for review with the United States Supreme Court. The COA issued its mandate on May 25, 2016. (Doc. 15 Ex. P).

**C. Habeas Petition**

Petitioner filed his amended PWHC in this Court on May 5, 2017. (Doc. 4). Respondents contend that the PWHC is untimely and that Petitioner has not shown that he

- 3 -

is entitled to statutory or equitable tolling. (Doc. 15). Respondents further allege that Petitioner's claim is expressly procedurally defaulted and without merit. For the reasons stated below, the undersigned finds that the PWHC is untimely and thus not properly before this Court for review.

## II. STATUTE OF LIMITATIONS

### A. Timeliness

As a threshold matter, the Court must consider whether Petitioner's PWHC is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).

The other subsections being inapplicable here, Petitioner must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28

U.S.C. § 2244(d)(1)(A); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013).

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. However, he retained his right to seek review in an "of-right" PCR proceeding pursuant to Arizona Rules of Criminal Procedure 32, 32.1, and 32.4. *See Summers*, 481 F.3d at 711 (an "'of right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. 2244(d)(1)(A)."). Petitioner was sentenced on March 24, 2014 and had 90 days from that date to file a notice of PCR. *Id.* at 715 ("To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review.") (citing Ariz. R. Crim. P. 32.4(a)). Petitioner did not file his notice of PCR until March 4, 2015—almost one year after he was sentenced. (Doc. 15 Ex. E). Accordingly, Petitioner's PCR notice was untimely filed, and his habeas petition is also untimely, unless the statute of limitations was tolled.[4]

**B. Statutory Tolling**

The one-year limitation period under AEDPA is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for state post-conviction relief is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" including "the time limits upon its delivery . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). If a state court rejects a petitioner's PCR petition as untimely, it cannot be "properly filed" and the petitioner is not entitled to statutory tolling. *Allen v. Sibert*, 552 U.S. 3, 6–7 (2007) ("Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing[.]'"); *Pace v.*

---

[4] As Petitioner notes, he did file his habeas petition within one year of the COA issuing its mandate. However, that is of no moment, because as is explained further in the section below, Petitioner's notice of PCR was untimely filed and an untimely proceeding does not toll AEDPA's statute of limitations. Accordingly, the Court rejects Petitioner's argument that because he sought direct review and it did occur, it does not matter whether that review was timely or not.

- 5 -

*DiGuglielmo*, 544 U.S. 408, 417–418 (2005) (holding that "time limits, no matter their form, are 'filing' conditions").

If a petitioner files an application after the generally applicable state time limit, the application may nonetheless be considered "properly filed" if it fits within any exception to that limit. *Pace*, 544 U.S. at 413. However, the existence of exceptions to the state's timely filing requirements does not prevent a late application from being deemed improperly filed when the application does not fit within any exceptions to the time limit. *Id.* at 408. As the Supreme Court held in *Pace*, "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal brackets and quotation marks omitted). In so holding, the Court reasoned that:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.* at 413.

Under the Arizona PCR statute and corresponding procedural rule, a "proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred." Ariz. R. Crim. P. 32.4; *see also* Ariz. Rev. Stat. § 13–4234(A) (a post-conviction relief "proceeding is commenced by timely filing a notice of post conviction relief with the clerk of the court in which the conviction occurred."). Thus, the time limit for filing a notice of post-conviction relief under Rule 32.4(a) "places a limit on how long a prisoner can wait before filing a postconviction petition." *Allen*, 552 U.S. at 6. Here, as noted above, Petitioner was sentenced on March 24, 2014 and had 90 days from that date to file a notice of PCR. However, Petitioner did not file his notice for PCR until March 4, 2015. As Petitioner's notice of PCR was filed untimely under Arizona law, that is the end of the Court's inquiry as to whether the PCR petition was "properly filed" under

- 6 -

AEDPA. *See Pace*, 544 U.S. at 414 ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."); *Trigueros v. Adams*, 658 F.3d 983, 988 (9th Cir. 2011) ("An untimely state petition is not 'properly filed' and does not trigger statutory tolling under AEDPA."); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("An untimely petition . . . is not 'properly filed' pursuant to 28 U.S.C. § 2254(d)(2), and so it does not toll the statute of limitations."). Petitioner's untimely PCR proceedings therefore had no statutory tolling effect on AEDPA's statute of limitations.

Even if the state court provides alternative grounds for disposing of a PCR petition, a ruling that the action was untimely precludes it from being "properly filed" and tolling the limitations period. *Carey v. Saffold*, 536 U.S. 214, 225–26 (2002); *Szabo v. Ryan*, No. CV-10-2608-PHX-GMS, 2011 WL 5439006, *8 (D. Ariz. Oct. 24, 2011) ("The state court's interpretation of whether a state petition is untimely governs whether a post-conviction process has become final for purposes of AEDPA."), *aff'd*, 571 F. App'x 585 (9th Cir. 2014); *Parker v. Ryan*, No. CV-15-1130-PHX-JAT-JFM, 2016 WL 11431549, *7 (D. Ariz. June 8, 2016) (same), *report and recommendation adopted*, 2016 WL 4190737 (D. Ariz. Aug. 9, 2016). Here, although both the trial court and the COA rejected Petitioner's claim on the merits, the COA also expressly found that Petitioner's Rule 32 notice was untimely filed. (Doc. 15 Ex. N at 125) (Petitioner's "notice was untimely because it was filed nearly a year after his sentencing" and his jurisdictional claim was "not expressly exempted from the timeliness requirement of Rule 32.4(a).").[5] Petitioner's untimely PCR notice therefore had no statutory tolling effect on AEDPA's statute of limitations. *See Pace*, 544 U.S. at 414; *Carey*, 536 U.S. at 225–26; *see also Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (for purposes of applying the "properly filed" requirement of § 2244(d), the federal courts look to the "last reasoned decision" of the state courts); *Martinez v. Ryan*, No. CV-13-02423-PHX-DLR, 2015 WL 1268188, at *14 (D. Ariz. Mar. 19, 2015) (although trial court allowed untimely filing to proceed, it stated that

---

[5] As Respondents note, it appears that the trial court incorrectly used the dates that Dianna Demaree filed her notice of PCR and petition in resolving Petitioner's case. (Doc. 15 at 12 n. 4) (citing Exs. K & DD).

- 7 -

it was not expressly finding that the petition had met the requirements to file an untimely petition, and the COA expressly found that petition was untimely); *Szabo*, 2011 WL 5439006 at *6 ("Although he continued to file state petitions, and the state court continued to issue orders, including orders extending his filing deadlines, the petitions were eventually found to have been untimely by the Court of Appeals.").[6]

In sum, the Court finds that Petitioner is not entitled to statutory tolling. Petitioner was sentenced on March 24, 2014 and had 90 days to file his notice of PCR. Because he did not file notice within that time, Petitioner's conviction became final within the meaning of AEDPA on June 23, 2014,[7] and the statute of limitations began to run the next day.[8] It continued to run uninterrupted and expired one year later on June 24, 2015. Petitioner's untimely PCR notice did not toll, pause, or re-start the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Leacock v. Ryan*, No. CV-16-08168-PCT-JJT-DMF, 2016 WL 8255617, *4 (D. Ariz. Nov. 16, 2016) ("Once the one-year AEDPA time limit has passed, a habeas petitioner cannot restart his federal time limit by filing an action in state court . . . There can be no tolling following the expiration of the limitation period because 'there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)), *report and recommendation adopted*, 2017 WL 588899 (D. Ariz. Feb. 14, 2017). Accordingly, absent equitable tolling, the statute of limitations expired on June 24, 2015, making Petitioner's May 5, 2017 PWHC untimely.

**C. Equitable Tolling**

In certain limited circumstances, AEDPA's one-year filing deadline may be

---

[6] Even if the state court summarily disposes of a petition without identifying if it was on timeliness grounds, or otherwise fails to give a clear indication whether it has deemed the application timely or untimely, the federal habeas court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006). Assuming that obligation applied in this instance, the undersigned would not find that Petitioner's PCR notice was timely.
[7] *See* Ariz. R. Crim. P. 1.3(a) (where the last day is a weekend or holiday, the time period ends on the next day); Fed. R. Civ. P. 6(a) (same).
[88] *See Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he can demonstrate "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). An extraordinary circumstance is one that is "beyond a prisoner's control [that] make[s] it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). And, to justify equitable tolling, the extra ordinary circumstance must be attributable to "external forces [] rather than a petitioner's lack of diligence[.]" *Id.* Further, a petitioner must establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Here, Petitioner has wholly failed to meet his burden. Indeed, Petitioner claims that no tolling is necessary and that his PWHC is timely because it does not matter whether his state court proceedings were timely or not, since review did occur. As noted above, the Court rejects this argument.

This Court's review of the record does not reveal the existence of any extraordinary circumstances such that equitable tolling would be warranted. And, in any event, Petitioner's pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) ("A petitioner's misunderstanding of accurate information cannot merit relief, as equitable tolling requires a petitioner to show that some extraordinary circumstance[ ] beyond [his] control caused his late petition, and this standard has never been satisfied by a petitioner's confusion or ignorance of the law alone." (internal quotations and citation omitted)); *Waldron-Ramsey*

*v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in his way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part . . . ." (internal quotation marks and brackets omitted)).

Accordingly, the undersigned finds that Petitioner is not entitled to equitable tolling and the PWHC is untimely.

### III.     CONCLUSION

Based on the above analysis, the Court finds that Petitioner's PWHC is barred by the statute of limitations. Accordingly,

**IT IS HEREBY ORDERED** that the Petition (Doc. 4) is denied and dismissed with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed in forma pauperis on appeal because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 29th day of April, 2020.

_____
Eric J. Markovich
United States Magistrate Judge